[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action arises from a fall suffered by the plaintiff while on property owned by the defendant, Rosa Castaneda, who is the daughter of the defendants, Hector Castaneda and Fortunetta Castaneda. The plaintiff is now age 65. He conducted his own business which required him to carry and deliver goods to various customers. He was subject to blood pressure, diabetes, heart problems, and hypertension.
 I.
The accident occurred on the morning of January 14, 1991. Mr. Rosenberg was then making a call on Miss Haselton, who was a tenant in the building owned by the defendant. In order to reach the entrance to Ms. Haselton's apartment it was necessary to descend an outside stairway which at the time was icy and slippery. In descending the stairs, Mr. Rosenberg was caused to slip and fall, thereby sustaining injury, particularly to his right shoulder.
The weather report reveals that on January 11 there was a snowfall of 5.7 inches; on January 12 there was a CT Page 11383 snowfall of 3.00 inches. On those dates the temperature showed a high of 28 degrees and a low of 12 degrees. On the day before the accident, January 13, there was no precipitation. On the day of the accident there was a high of 32 degrees and a low of one degree and no precipitation.
It is found that the stairway where the plaintiff fell was slippery and unsafe on January 14, 1991, and that the snow had been present on the stairway for two days prior.
As Mr. Rosenberg arrived at the top of the stairway, he stated that he observed the icy condition. He admitted that even though he noted the icy condition, he nevertheless proceeded down.
Of the Castaneda family, four of its members are involved the father and mother — Hector and Fortunetta Castaneda, and the two daughters, Rosa and Ketherine. Hector and Fortunetta lived in one of the three tenements and the daughters lived elsewhere. As to control and care of the property, this was done entirely by Hector. Hector is accordingly liable as the one in control and the occupier of a portion of the premises. Wright, Connecticut Law of Torts, 3rd Edition, p. 108 Sec. 46.
Based on the evidence it is concluded that due care on the part of the defendants required that they remedy the icy condition, considering the length of time they had to do so. They are found to be negligent. Likewise, the plaintiff was himself guilty of negligence, and the percentage of negligence attributable to him is 33 1/3%.
II. The Conveyance
The defendant, Mr. Castaneda, and his wife, acquired the property, 59 Summer Street in Bristol, in 1974. They thereafter conveyed it to their daughter Rosa. Rosa retained title until April 3, 1991, which was about three months after the date the plaintiff fell. On said date of April 3, 1991 she conveyed to her sister, Katherine. The Castanedas had previously learned of the fall from their tenant, Miss Haselton. Throughout the period from 1974 on Mr. Castaneda took care of the property and collected the rents. They subsequently conveyed to Rosa because they wanted their children to have it if anything happened to CT Page 11384 them. As previously stated, Rosa conveyed to her sister, Katherine, "as a birthday present." She testified further that on April 3, 1991 they learned of the possibility of a lawsuit in the form of a letter from the plaintiff's attorney. On that date they went to the office of an attorney where Rosa signed the deed to her sister Katherine. It was conceded that there was no consideration for the deed.
The present Statute 52-552a (The Uniform Fraudulent Transfer Act) is now in effect. However, at the time of the conveyance in question, it was not in effect. Rather, General Statute 52-552 was in effect. Under similar circumstances, it was ruled that this prior statute was a statutory adoption of the common law of fraudulent conveyances and that the common law remedy continued to exist. Cook v. Bieluch, 32 Conn. 537, 551. It was there also ruled that a plaintiff needed to establish under the common law only one of two alternatives, i.e. that the conveyance was made without any substantial consideration, or, that it was made with a fraudulent intent in which the grantee participated, not both. City Watson v. Watson,221 Conn. 698, 707 and other cases. The court went on: The determination of the question of fraudulent intent is clearly an issue of fact which must often be inferred from the surrounding circumstances. Such a fact is, then, not ordinarily proven by direct evidence but, rather, by inference from other facts proven — the indicia or badges of fraud.
Of the two alternatives mentioned in the Cook v. Bieluch case supra it is concluded that the plaintiff has established the one which requires proof that the conveyance was made with a fraudulent intent in which the grantee participated.
In the instant case the inference is drawn that the transfer from one young sister to the other, made without any consideration, made at the same time as a letter came from the plaintiff attorney, was a transfer in fraud of creditors. In fact, the inference of fraud is inescapable. The defendant's explanation — that the conveyance took place because of Rosa's questionable relationship with her boyfriend — is not accepted. CT Page 11385
III. The Injury
Mr. Rosenberg slipped and fell down the stairs. He then called upon Miss Haselton, told her about his fall and warned her of the condition of the stairway. Because of the pain in his right shoulder he did not continue on his route, but returned to his home in West Hartford. He was unable to raise his right arm. That afternoon he went to clinic, where it was recommended that he see a doctor, which the plaintiff did, calling on Dr. Selden, an orthopedic surgeon. The latter sent him to a physio-therapist for treatment, which lasted two months. An M.R.I. was done and this revealed that the plaintiff had suffered a tear of the right rotator cuff. He saw Dr. Shea for a second opinion, who confirmed the recommendation of surgery by Dr. Selden. The operation was done in April 1991. Thereafter, another two-month period of physio-therapy ensued. Throughout a period of time the plaintiff was obliged to keep his right arm extended in a sling from his side. He also for a time could not raise his right arm and still has trouble in that regard. The recovery period was somewhat prolonged and painful. There is a 30% permanent partial impairment of his right shoulder.
The plaintiff incurred the following expenses:
 University Physician $ 90.00 Hartford Cardiology Group 262.00 Anesthesia Associates 825.00 Hartford County Physical Therapy Assoc. 2,620.00 Immediate Medical Center 163.00 Mt. Sinai Radiologic Assoc. 208.00 " " " " 650.00 Mt. Sinai Hospital 2,321.00 Dr. Selden 3,240.00 __________ $10,379.00
 The plaintiff's total damages are found to be $ 60,000.00
 The plaintiff's contributory negligence is one-third thereof 20,000.00 CT Page 11386 __________
The plaintiff's net damages $40,000.00
In accordance with Practice Book Section 241 the plaintiff may recover for expenses and attorney's fees upon proper proof at a subsequent hearing.
Judgment may enter in favor of the plaintiff, Ludwig Rosenberg, to recover on the First Count from the defendants, Rosa Castaneda and Hector Castaneda, the sum of $40,000.00 plus taxable costs.
Judgment may also enter in favor of the plaintiff against the defendant, Katherine Castaneda, in the Second Count and the deed from Rosa Castaneda to her is declared null and void and is set aside. As to the plaintiff: Costs may enter against Katherine Castaneda on this Count.
Judgment with costs may enter in favor of Fortunetta Castaneda.
John M. Alexander State Judge Referee